**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

             v.        Criminal No. 96-50001-001

**DENNIS CORDES**                                                    **DEFENDANT**

<u>**O R D E R**</u>

Now on this 4th day of December, 2009, come on for consideration the following:

\*   defendant's **Petition For Writ Of Habeas Corpus And Memorandum In Support For Lack Of Subject Matter Jurisdiction** (document #289);

\*   defendant's **Motion Of Inquiry** (document #290);

\*   plaintiff's **Motion To Dismiss** (document #292);

\*   **Magistrate Judge's Report And Recommendation** ("R&R")(document #293);

\*   defendant' untitled motion seeking a certified copy of the docket sheet in his case (document #295), and

\*   a document entitled "[Addendum] To Government Response" which has been docketed as defendant's **Objections** to the Magistrate Judge's Report And Recommendation (document #296),

and from said documents, the Court finds and orders as follows:

1.   On October 21, 1996, defendant was sentenced to 240 months' imprisonment on Count I, and 132 months' imprisonment on Count II, of a two-count Indictment for attempting to manufacture methamphetamine and methcathinone.

2.   Defendant filed a motion for relief pursuant to **28 U.S.C.**

§ 2255 on December 15, 1997. This motion was denied. A second § 2255 motion was filed on July 16, 2001, and was also denied. A third such motion was filed June 29, 2009, and is the one now under consideration.

3. The Magistrate Judge reported that the June 29, 2009, motion must be construed as a motion pursuant to **28 U.S.C. § 2255**, despite defendant's attempts to dissociate it from that statute (defendant says "This is not a § 2255 but a writ of habeas corpus for Release") because **§ 2255** is the sole vehicle allowed for collateral challenges to federal convictions or sentences unless the movant can demonstrate that it is inadequate or ineffective to test the legality of his detention. This is set out explicitly in **§ 2255(e):**

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

No showing of inadequacy or ineffectiveness of **§ 2255** has even been attempted.

The Magistrate Judge further reported that defendant failed to move for permission from the Eighth Circuit Court of Appeals before filing the motion now under consideration, leaving this Court without subject matter jurisdiction to entertain the motion. Defendant does not contend that he sought the requisite permission.

-2-

4.  Defendant objects to the R&R, contending that he raises an issue of subject matter jurisdiction, which can be asserted at any time.  He relies on **F.R.Cr.P. 12(b)**, which provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or state an offense."  Defendant overlooks the fact that his case is not pending.  It was disposed of many years ago.

Defendant also overlooks the distinction between subject matter jurisdiction (which cannot be waived) and personal jurisdiction (which can be).  **Bistram v. U.S., 253 F.2d 610, 612 (8th Cir. 1958).**  The tenor of defendant's pleadings clearly shows that what he complains of is an alleged defect in personal jurisdiction, which he failed to assert for over twelve years, and in two previous petitions brought pursuant to **§ 2255.**  Under these circumstances, the Court finds he has waived any such defect, if it ever existed.  This is unlikely, since "[i]t has long been a firmly entrenched principle of federal jurisprudence that if the accused is personally before a court having jurisdiction of the subject matter, that court has jurisdiction over the accused regardless of how he was brought into the presence of the Court."  *Id.*

For the foregoing reasons, defendant's Objections to the R&R will be overruled, and the R&R will be adopted.

5.  Defendant's Motion Of Inquiry asks whether the Court "is granting a successive 2255 motion," so he can "address the court

accordingly." The Court is, as noted above, treating the motion filed on June 29, 2009, as a successive motion under **§ 2255**, but not granting it.

6. Finally, the Court notes that defendant seeks to obtain a certified copy of the docket sheet in his case. This is, as he explains, to show that no Writ of Habeas Corpus Ad Prosequendum was issued for his appearance in United States District Court between 1/9/96 and 1/24/96. As explained in this Order, that is a fact of no moment, and this request will be denied.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #293) is **adopted *in toto***, and defendant's **Objections** (document #296) are **overruled**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Dismiss** (document #292) is **granted**, and defendant's **Petition For Writ Of Habeas Corpus And Memorandum In Support For Lack Of Subject Matter Jurisdiction** (document #289) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that defendant's **Motion Of Inquiry** (document #290) is moot.

**IT IS FURTHER ORDERED** that defendant' untitled motion seeking a certified copy of the docket sheet in his case (document #295) is **denied**.

**IT IS SO ORDERED.**

                                              **/s/ Jimm Larry Hendren**
                                              **JIMM LARRY HENDREN**
                                              **UNITED STATES DISTRICT JUDGE**